## ROBERT KNIGHTON v. THE STATE.

### No. 8741.    Delivered April 29, 1925.

**1.—Assault to Murder—Juvenile—Trial—Practice.**

Where on the trial of a juvenile, the father requested that he be excused as a witness from the rule, that he might assist the defense in the trial the request should have been granted. The statute governing the trial of juveniles requiring notice upon the parents or guardians before incarcerating defendants, we are of the opinion that the father should have been excused from the rule.

**2.—Same—Evidence—Of Threats—Improperly Excluded.**

It was error to exclude the testimony offered by appellant of statements made by the prosecuting witness Morgan, at a previous difficulty between said witness, and appellant's father in which appellant offered to prove that said witness stated that he thought defendant would be along with his father, and he would get to whip him too. This testimony, was in effect a threat against appellant, and also tended to show animus, and should have been admitted. See Branch's Ann. P. C. Sec. 2077, and page 1175, Sec. 2094. Following Childers v. State, 30 Tex. C. R. 160 and other cases cited.

Appeal from the County Court of Jasper County. Tried below before the Hon. A. L. Hancock, Judge.

Appeal from a juvenile conviction of ·an assault to murder; penalty, three years in the Juvenile Training School for Boys.

The opinion states the case.

*G. E. Richardson* and *J. B. Forse,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was charged by information in the county court of Jasper County as being a minor under the age of seventeen years and with malice assaulting Tom Morgan with intent to kill him by shooting him with a gun, and was convicted and his punishment assessed at three years confinement in the Juvenile Training School for Boys.

The Statement of Facts does not disclose the age of the appellant.

There is complaint raised to the action of the trial court in not permitting the father of appellant to be excused from the rule in order that he might assist the defense in the trial of the case. This matter usually is largely left to the discretion of the court, and unless the same is abused this court would not review same; but this being a juvenile case, and the statutes requiring notice upon the parents or guardian before incarceraing defendant, we are of the opinion that the father should have been excused from the rule.

In bill of exception No. 3 appellant complains of the refusal of the court in not permitting him to prove by his father, while a witness in his behalf, that about twenty days prior to the alleged assault the prosecuting witness, Tom Morgan, beat appellant's father up with a club and broke the witness' hand while one Enoch Knighton presented a drawn gun upon said witness and that said prosecuting witness at said time stated that he thought defendant would be along with his father "and I would get to whip him, too."

From the evidence upon the part of the State's witness Tom Morgan, the defendant assaulted him without provocation and in fact waylaid him; and the testimony in the case upon the part of the defendant was self-defense and threats and that at the time of the difficulty the said Morgan rode up behind him and stated, "Now, God damn you, I've got you away from your damned old daddy, and now I'll fix you," and began to move as if to get off his horse, and then the defendant got his gun and shot him.

From the above it will be noticed that there was a sharp issue drawn as to who began the difficulty, and the bill of exception shows that what the witness Morgan had said in the difficulty with appel-

lant's father about whipping him and beating up his father had been disclosed to the defendant prior to the shooting, and the statement so made by said presecuting witness, if made, was nothing less than a threat and showed an intent to assault the defendant.

In Branch's Annotated P. C., Sec. 2077, it is stated:

"Proof of threats made by deceased against defendant is admissible, and especially so, if the testimony is conflicting as to who began the difficulty,"—citing many authorities.

In Branch's Penal Code, Sec. 2094, page 1175, it is stated:

"If self-defense is an issue, proof of specific acts of unlawful violence committed by deceased on others is admissible if defendant knew of them prior to the homicide, to show who was probably the aggressor, and to show the state of mind of the defendant, and to shed light upon the standpoint of the defendant at the time of the homicide",—citing Childers v. State, 30 Texas Crim. Rep. 160, and many authorities. White v. State, 88 Texas Crim. Rep. 159.

We are of the opinion that the exclusion of the testimony by the court was error.

There are other matters complained of in the record, but from the disposition we make of this case we deem it unnecessary to pass same at this time.

For the reasons above set out, we are of the opinion that the judgment of the trial court should be reversed and the cause remanded, and the same is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.